IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TAVARRES HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-022 |
| | ) | |
| BRIAN CHAMBERS, Warden; | ) | |
| SGT. GREEN; Correctional Officer; | ) | |
| UNKNOWN STATE OFFICER, CERT | ) | |
| Team Correctional Officer; and | ) | |
| MS. MORRIS, CERT Team Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.     DISCUSSION

### A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff concedes he has previously had a case dismissed based on "three strikes rule." (Doc. no. 1, p. 10.) Indeed, in Henderson v. Carr, 1:21-CV-179, doc. no. 4 (S.D. Ga. Dec. 14, 2021), this Court previously identified three strikes Plaintiff had accumulated: (1) Henderson v. Augusta Jud. Cir., 1:20-CV-175 (S.D. Ga. Dec. 22, 2020) (dismissed for failure to state a claim); (2) Henderson v. Mastny, 1:19-CV-017 (S.D. Ga. Feb. 7, 2019) (dismissed for failure to state a claim); and (3) Henderson v. Roundtree, 1:18-CV-063 (S.D. Ga. Apr. 3, 2018) (dismissed for failure to state a claim). See also Henderson v. Foolks, 7:20-CV-210, doc. no. 4 (M.D. Ga. Dec. 7, 2020) (collecting additional cases from Middle District of Georgia counting as strikes). Because Plaintiff has at least three strikes, he cannot proceed

2

IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

B.      **Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his complaint on March 1, 2023.  (Doc. no. 1, p. 12.)  As discussed below, Plaintiff asserts several bases upon which he alleges imminent danger of serious physical injury, but the allegations do not establish he qualifies for the imminent danger exception.

First, he alleges corrupt prison officials are selling drugs to prisoners.  (Id. at 8, 17.)  Next, he alleges that on October 11, 2022, Defendant Morris and another female correctional officer screamed at him, searched him with his hands cuffed behind him when he came out of a shower that lasted over five minutes, and pushed him into a wall.  (Id. at 14-15.)  Another correctional officer then placed Plaintiff in a chokehold. (Id. at 15.)  Plaintiff was then placed in a "strip cell" for observation, and when he began kicking his cell door after having missed a lunch and dinner tray, Defendant Green used pepper spray on Plaintiff.  (Id. at 16.)  Finally, Plaintiff alleges imminent danger "because of [his] very rare extraterrestrial blood type DNA."  (Id. at 18.)

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger'" when he filed his complaint in March of 2023.  Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir.

3

2004)). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 20212) (*per curiam*) (explaining "vague statements do not satisfy the dictates of § 1915(g)); Sutton v. Dist. Att'y's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception).

Plaintiff's implied, conclusory allegations of potential, future harm because "corrupt" prison officials are selling drugs to other inmates inside the prison are insufficient to establish imminent danger of serious physical injury to Plaintiff. Moreover, other than the alleged use of excessive force in October of 2022, over four months prior to submitting this lawsuit, Plaintiff has not reported assaults or threatened harm to him suggesting an ongoing pattern of misconduct. Indeed, allegations of threats never acted upon and verbal abuse do not state a valid § 1983 claim for relief. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*). Likewise, Plaintiff's fanciful allegations regarding his "very rare extraterrestrial blood type DNA" do not establish he is imminent danger of serious physical injury. Without specific allegations that an injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Skillern, 202 F. App'x at 344; Brown, 387 F.3d at 1350; see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in

specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.  CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 10th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA